# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WALTER HARRIS,

    Plaintiff,

v.

WARDEN MARTY ALLEN,

    Defendant.

CIVIL ACTION NO.: 6:18-cv-60

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought this action under 42 U.S.C. § 1983 while incarcerated at Georgia State Prison in Reidsville, Georgia, to challenge certain conditions of his confinement. Doc. 1. After the requisite frivolity review under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Allen in his official capacity. However, the Court **FINDS** Plaintiff sets forth a non-frivolous Eighth Amendment claim against Defendant Allen. Consequently, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Defendant Allen by the United States Marshal without prepayment of cost.

## **BACKGROUND**[1]

Plaintiff's allegations arise from a routine inspection of the F-2 dormitory unit on October 11, 2017. Doc. 1 at 6. Because all inmates are required to stand at attention by their assigned cells during dormitory inspections, "the entire dormitory of prisoners can hear every word" when prison staff addresses an inmate. Id. Plaintiff alleges that during a dormitory

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

inspection on October 11, 2017, Defendant Allen approached him and said, "I see that you have your goat-tee [sic] all shaped up for your boyfriends." Id. Other inmates overheard this statement, and, due to the statements, Plaintiff became the target of several verbal and physical assaults from various, unnamed inmates. Id. at 6–7. Plaintiff alleges that he "ha[s] been in[] two fights because of what the warden said." Id. at 14.

Plaintiff also states that the October 11, 2017 incident was "not the first time" Defendant "made statements about [Plaintiff's] sexual preferences" and that Defendant "continues to make [him] feel extremely uncomfortable when [Defendant] confronts him concerning [his] sexual orientation." Id. at 10. The prison Sexual Abuse Response Team ("SART") investigated Plaintiff's claims and "could neither prove nor disprove" his allegations. Id. at 5.

Plaintiff brings an Eighth Amendment claim against Defendant Allen in his individual and official capacities. Id. at 1. As relief, Plaintiff requests a declaratory judgment, injunctive relief, payment for future medical expenses, and $500,000 in punitive damages. Id. at 9.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to

2

state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal of Official Capacity Claims

Plaintiff cannot sustain a § 1983 claim against Defendant Allen in his official capacity. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendant Allen in his official capacity. Accordingly, the Eleventh Amendment immunizes Defendant Allen from suits for monetary damages brought against him in in his official capacity. See Thomas v. U.S. Postal Serv., 364 F. App'x 600, 601 (11th Cir. 2010); Carey v. Free, 272 F. App'x 875, 876 (11th Cir. 2008) ("State defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh

Amendment."); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot seek damages against Defendant Allen in his official capacity. Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Allen in his official capacity.[2]

## II.     Plaintiff's Eighth Amendment Claim

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Block v. Pohling, 735 F. App'x 555, 557 (11th Cir. 2018). To show an Eighth Amendment violation, a plaintiff must "allege facts sufficient to show '(1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation.'" Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (quoting Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)).

The Court assesses the first element—a substantial risk of serious harm—under an objective standard. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). The objective component requires a plaintiff to show that the conditions he complains of are "sufficiently serious" as "to violate the Eighth Amendment, i.e., conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." Lane, 835 F.3d at 1307 (citing Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004)). While "an excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm; occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment[.]" Lane, 835 F.3d at 1307 (quoting Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014)). Thus, in this case, Plaintiff must show the attacks he suffered demonstrate an

---

[2]     However, to the extent Plaintiff successfully states a constitutional claim, he may seek injunctive relief against Defendant in his official capacity. Ex Parte Young, 209 U.S. 123, 148–50 (1908).

5

"excessive risk of inmate-on-inmate violence" which amounted to more than "occasional, isolated attacks."[3] Lane, 835 F.3d at 1307.

While the facts Plaintiff asserts are very limited, Plaintiff specifically contends that "Defendant . . . insinuated Plaintiff was gay [or bisexual] within a prison of murder[er]s, and rapist[s]" and while in an environment where other inmates could clearly overhear him. Doc. 1 at 6. As a result, Plaintiff experienced verbal harassment and sustained at least two physical attacks.[4] This is enough to create a non-frivolous showing of a substantial risk of harm.

The second element—defendant's deliberate indifference to the risk—has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).[5] The "subjective knowledge of a risk of serious harm" component requires a defendant to have "actual knowledge that an inmate faced a substantial risk of serious harm[.]" Caldwell, 748 F.3d at 1099. "[S]imple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Id. (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)).

---

[3] Notably, only Plaintiff's allegations of physical assaults are considered here. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim.").

[4] It is unclear whether, in using the phrase "physical attacks," Plaintiff intends the term to include physical attacks that were sexual in nature.

[5] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is inconsistent. Compare Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007), with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016), the Eleventh Circuit found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Because the Eleventh Circuit explicitly addressed this issue in the Melton case, this Court will apply the "more than mere negligence" standard.

Plaintiff alleges Defendant—a prison warden—commented on his sexuality in a group setting where other inmates were certain to overhear. Plaintiff's allegations suggest that Defendant, in making such comments, was subjectively aware of the risk of danger inherent in such an announcement, and, in choosing to make the comment in a group setting, deliberately disregarded that risk in an act amounting to more than mere negligence. Thus, Plaintiff satisfies the second element of the test for the purposes of review at this stage.

Finally, § 1983 "requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." Block, 735 F. App'x at 558 (quoting LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993)). Plaintiff's allegations, though bare-boned, are enough to satisfy the causation element for the purposes of this review. Plaintiff asserts that he was verbally and physically attacked by other inmates due to Defendant's "sexual comments regarding [Plaintiff's] gender [and] bisexual choices." Doc. 1 at 7. Though Plaintiff offers no additional detail about the physical and verbal attacks he experienced from other inmates, he does state that the physical attacks occurred after Defendant's comment and because of Defendant's comment. Thus, Plaintiff's allegations fulfill the third element at issue. Cf. Lindsey v. Estes, No. 4:17-cv-2045, 2018 WL 6981243, at *4 (N.D. Ala. Nov. 20, 2018) (rejecting an inmate's Eighth Amendment claim when a prison official called him a homosexual because inmate failed to allege "other inmates have attacked or threatened him due to the statements"). Plaintiff's Eighth Amendment claim, therefore, survives the Court's requisite frivolity review.

## CONCLUSION

For the reasons above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Allen in his official capacity. However, the Court **FINDS**

that Plaintiff alleges a non-frivolous Eighth Amendment claim against Defendant Allen. Thus, Plaintiff's claims for equitable relief against Defendant Allen in his official capacity, as well as Plaintiff's claims for monetary damages and equitable relief against Defendant Allen in his individual capacity, shall proceed. The Court **ORDERS** that a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order be served upon Defendant Allen by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendant by first-class mail and request that defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest

Defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of May, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA